**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SAJID RAZA,<br><br>    Petitioner,<br><br>  v.<br><br>KAREN TAYLOR,<br><br>    Respondent. | Civil Action No. 23-1869(KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

  This matter comes before the Court on the Court's *sua sponte* screening of Petitioner Sajid Raza's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the applicable filing fee, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to preliminarily screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Also before the Court is Petitioner's letter request seeking appointed counsel and a trial. (ECF No. 6.) For the following reasons, Petitioner's habeas petition shall be dismissed without prejudice, and his letter request shall be denied in light of the dismissal of the petition.

**I. BACKGROUND**

  At the time he filed his habeas petition, Petitioner was a state pre-trial detainee detained in the Camden County Correctional Facility. (ECF No. 1 at 1.) Following his arrest in October 2019,

Petitioner was initially set to begin trial on terroristic threats charges in November 2020. (*Id.* at 6.) This trial was ultimately delayed several times due to COVID-19 related restrictions, resulting in Petitioner remaining in detention awaiting trial for several years. (*Id.* at 6-7.) Following the filing of his habeas petition, however, Petitioner was released from jail, and is now awaiting trial on pre-trial release. (*See* ECF Nos. 4-5.)

In his habeas petition, Petitioner asserts that his lengthy term of pre-trial detention has caused various violations of his civil rights, including violations of his right to a speedy trial, denial of access to the courts, and that his ongoing prosecution is malicious and the result of a vaguely alleged conspiracy against him. (ECF No. 1 at 6-7.) Although Petitioner did file an interlocutory challenge to his being denied bail with the New Jersey Appellate Division which was denied (*see* ECF No. 1-1 at 5-11), he has not raised any of the claims he seeks to raise in the current matter through all three levels of the state courts, with prior attempts at filing unspecified appellate challenges being redirected to Petitioner's assigned attorney for evaluation without an appeal ever actually being filed. (*See* ECF No. 1-1 at 2, 12.) Thus, while it is unclear if any of Petitioner's claims have been raised before the state trial court, it is clear that he has not properly exhausted his current claims through the state appellate courts.[1]

Petitioner's current habeas petition is not Petitioner's first attempt to file a pre-trial habeas. He previously made two prior attempts, both of which this Court dismissed without prejudice. *See Raza v. Taylor*, 22-6494, 2023 WL 143340 (D.N.J. Jan. 10, 2023); *Raza v. Taylor*, No. 22-6016, 2022 WL 11703642 (D.N.J. Oct. 20, 2022). Petitioner also sought to appeal the first of these

---

[1] On May 24, 2023, Petitioner filed an additional letter, in which he asserts that the judge overseeing his case attempted to set up a "fake" trial date and issued him a subpoena to appear for further proceedings in June 2023. (ECF No. 5.) This letter does not indicate that any further exhaustion of administrative remedies has taken place in the intervening months, and instead indicates that Petitioner's criminal matter has yet to progress.

> Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit has therefore held that while federal courts may have jurisdiction to hear habeas challenges brought by state pre-trial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. In the absence of extraordinary circumstances, which do not include the premature litigation of defenses including those such as the right to a speedy trial, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.* A petitioner's claim will not be considered exhausted where it was presented only "in a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

*Raza*, 2022 WL 11703642 at *1.

Just as in his previous two petitions which this Court dismissed in October 2022 and January 2023, Petitioner seeks to use this habeas matter to prematurely litigate his various constitutional challenges and defenses in this Court before concluding his criminal proceedings before the state courts. As it fully appears from the petition that Petitioner has not raised any of these claims to the attention of the New Jersey Superior Court Appellate Division and New Jersey Supreme Court, and may not even have raised several of them before the state trial level court, it appears that Petitioner has not fully exhausted his claims through all three levels of the state courts. Because Petitioner's claims appear to be unexhausted, and because claims such as those Petitioner now seeks to raise do not amount to exceptional circumstances sufficient to warrant pre-trial habeas jurisdiction especially in light of Petitioner's release from jail, *see Moore*, 515 F.2d at 449,

4

and because a state pre-trial detainee may not use a § 2241 petition to prematurely litigate his defenses such as those Petitioner seeks to raise in this matter in federal court prior to the conclusion of his criminal proceedings, this Court must decline to consider his current habeas petition. *Id.* Therefore, Petitioner's habeas petition will once again be dismissed without prejudice. Because Petitioner's petition will be dismissed without prejudice, Petitioner's letter request (ECF No. 6) seeking appointed counsel and a trial are also denied.

## IV. CERTIFICATE OF APPEALABILITY

Because Petitioner's habeas challenges his detention which "arises out of process issued by a State court," he may not appeal the dismissal of his habeas petition unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or

5

show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

## V. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, Petitioner is **DENIED** a certificate of appealability, and Petitioner's letter request seeking appointed counsel and a trial are **DENIED**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge